O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. SA CR 09-248(A) DOC |
| Plaintiff(s), ) | |
| v. ) | **O R D E R DENYING MOTION TO SUPPRESS WIRETAP EVIDENCE** |
| ARMAN SHAROPETROSIAN et. al., ) | |
| Defendant(s). ) | |

Before the Court is Defendant Arman Sharopetrosian's Motion to Suppress the evidence obtained against him as a result of a wiretap issued on July 17, 2009 and extended on August 14, 2009, on the grounds that the issuance of the wiretap did not comply with the requirements of 18 U.S.C. § 2518(1)(c) ("Motion to Suppress") (Docket 281). Sharopetrosian is joined in his Motion to Suppress by Defendants Angus Brown (Docket 286), Lewellyn Cox (Docket 290), and Virgine Gasparian (Docket 331) (Sharopetrosian, Brown, Cox, and Gasparian referred to collectively as "Moving Defendants"). After considering all of the relevant written

submissions,[1] as well as oral argument, the Court DENIES the Motion to Suppress.

## I. BACKGROUND

On July 17, 2009, the Hon. Stephen V. Wilson granted the Government's 138-page application for a wiretap on a telephone allegedly smuggled into prison by Arman Sharopetrosian, a target of the Government's investigation into the alleged criminal enterprise known as "Armenian Power." The wiretap was extended on August 14, 2009. Mr. Sharopetrosian, along with the rest of the Moving Defendants (whose conversations apparently were intercepted as part of the wiretap), now moves to suppress the evidence gleaned from the wiretap on the grounds that the wiretap was issued in violation of 18 U.S.C. § 2518(1)(c).

## II. LEGAL STANDARD

In order for a district court to authorize a wiretap, the government must prove both that the wiretap is supported by probable cause and that the issuance of the wiretap is necessary. *United States v. Garcia-Villalba*, 585 F.3d 1223, 1227 (9th Cir. 2009). A district court evaluating the decision of another district judge to authorize a wiretap, must make a de novo review of whether a "full and complete statement" of facts was submitted to the issuing judge in support of the wiretap. *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008). In considering whether the affidavit in support of the wiretap contains a "full and complete statement" of facts, the court must "assess whether the affidavit attests that adequate investigative techniques were exhausted before the wiretap order was sought or that such methods reasonably appeared unlikely to succeed or too dangerous." *Id*. In order to satisfy this standard, an affidavit must explain the failure of alternative investigative techniques in reasonable, "case-specific" detail. *Id*. at 899-90. After making a de novo determination of whether the affidavit provided to the judge issuing the wiretap contained a "full and complete statement," the court reviews the issuing judge's finding that a wiretap was necessary for abuse

---

[1] These written submissions include the initial briefing on the Motion to Suppress, the Government's supplemental brief dated July 29, 2011, Sharopetrosian's further supplemental brief dated August 9, 2011 and the Government's response to Sharopetrosian's further supplemental brief dated August 11, 2011.

2

of discretion. *United States v. Canales-Gomez*, 358 F.3d 1221, 1225 (9th Cir. 2005).

In reviewing the propriety of the wiretap, the Court bears in mind that there is a "stautory presumption against this intrusive method" of information gathering, *United States v. Gonzales*, 412 F.3d 1102, 1112 (9th. Cir. 2005), meaning that wiretaps should not be used routinely as an initial step in an investigation. *United States v. McGuire*, 307 F.3d 1192, 1196-97 (9th Cir. 2002). On the other hand, "law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap." *Id.* Furthermore, the necessity requirement is "evaluated in light of the government's need not merely to collect some evidence, but to develop an effective case against those involved in the conspiracy." *Garcia-Villalba*, 585 F.3d at 1228.

### III. DISCUSSION

In this case, Moving Defendants do not dispute that probable cause existed to support the wiretap. The Motion to Suppress is based solely on the argument that the issuance of the wiretaps was not necessary. Specifically, Moving Defendants contend that, prior to seeking the wiretap, the investigation of Mr. Sharopetrosian had consisted solely of attempts to glean information from pen register and toll record analyses. Moving Defendants thus argue that this case is analogous to *Gonzales*, where the Ninth Circuit invalidated a wiretap on the grounds that the investigative methods attempted prior to obtaining the wiretap were limited to "five-days-worth of pen register analysis; (2) an equally short use of trap-and-trace analysis; and (3) limited physical surveillance of the Blake Avenue office." *Gonzales*, 412 F.3d at 1112. The Court disagrees.

The circumstances of this case were unique – Mr. Sharopetrosian was incarcerated and the Government had reason to believe that he routinely had been smuggling cellular telephones into prison. Mr. Sharopetrosian's incarceration and his alleged smuggling of cellular telephones rendered many traditional investigative techniques – i.e. surveillance, search warrants, trash searches, pole cameras, and car-tracking devices – inapplicable. Apparently accepting this fact, Moving Defendants argue that the Government should have taken more time to pursue discovery from informants. The Ninth Circuit, however, has consistently held that, given the government's

need to develop not just some evidence, but enough to prove its case beyond a reasonable doubt, the mere availability of a confidential informant does not demonstrate an absence of necessity for a wiretap, even where that informant has already provided information to investigators. *See United States v. Fernandez*, 388 F.3d 1199, 1236 (9th Cir. 2004). Moreover, the specific potential informant identified by Moving Defendants – a man referred to as Mr. Bilezikchyan – had been terminated as a source of information as of April 2008 and had actually become a target of the Government's investigation. Mr. Bilezikchyan's existence did not obviate the need for a wiretap.

For all of these reasons, Moving Defendant's Motion to Suppress is DENIED.

## IV. DISPOSITION

In light of the foregoing, Moving Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED.

DATED: September 8, 2011

_____
DAVID O. CARTER
United States District Judge